1  Daniel A. Lev (CA Bar No. 129622)
    dlev@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
    swerth@sulmeyerlaw.com
3  Lisa N. Nobles (CA Bar No. 233723)
    lnobles@sulmeyerlaw.com
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520
7
Attorneys for Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AXIUM INTERNATIONAL, INC.,<br><br>    Debtor. | Case No. 2:08-bk-10277-BB<br><br>Chapter 7<br><br>Jointly Administered With Case No. 2:08-bk-10376-BB, and Substantively Consolidated[1] |
| In re<br><br>DIVERSITY MSP, INC.,<br><br>    Debtor. | Jointly Administered With Case No. 2:08-bk-10377-BB, and Substantively Consolidated[2] |
| HOWARD M. EHRENBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc.,<br>    Plaintiff,<br>v.<br><br>JAYPAR, INC., a Maryland corporation,<br><br>    Defendant. | Adv. No.<br><br>**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, (2) PRESERVATION OF PREFERENTIAL TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**<br><br>DATE:<br>TIME: [To Be Set By Summons]<br>PLACE: |

---

[1] Substantively consolidated with the following identified Cases: 2:08-bk-10376-BB; 2:08-bk-10294-BB; 2:08-bk-10327-BB; 2:08-bk-10339-BB; 2:08-bk-10304-BB; 2:08-bk-10312-BB; 2:08-bk-10340-BB; 2:08-bk-10297-BB; 2:08-bk-10329-BB; 2:08-bk-10319-BB; 2:08-bk-10326-BB; 2:08-bk-10332-BB; 2:08-bk-10336-BB; 2:08-bk-10314-BB; 2:08-bk-10317-BB; 2:08-bk-10333-BB; 2:08-bk-10291-BB; 2:08-bk-10338-BB; 2:08-bk-10280-BB; 2:08-bk-10305-BB; 2:08-bk-10335-BB; 2:08-bk-10321-BB; 2:08-bk-10285-BB; 2:08-bk-10320-BB; 2:08-bk-10306-BB; 2:08-bk-10311-BB; 2:08-bk-10301-BB; 2:08-bk-10298-BB; 2:08-bk-10341-BB; 2:08-bk-10331-BB; 2:08-bk-10325-BB; and 2:08-bk-10290-BB.

[2] Substantively consolidated with the following identified Cases: 2:08-bk-10372-BB; 2:08-bk-10316-BB; 2:08-bk-10373-BB; and 2:08-bk-10375-BB.

LNOBLES\ 607745.1

1   For his Complaint for (1) Avoidance and Recovery of Preferential Transfers,
2   (2) Preservation of Preferential Transfers, and (3) Disallowance of Claim (the
3   "Complaint"), plaintiff, Howard M. Ehrenberg, the duly appointed, qualified and acting
4   Chapter 7 Trustee (the "Trustee" or "Plaintiff") for separately substantively consolidated
5   estates of the debtors (i) Axium International, Inc., AV Centurion Film, Inc., AV Global,
6   Inc., Avalon Payroll Group, Inc., Avalon Production Accounting, Inc., Avalon Visual Corp.,
7   Avalon Worldwide, Inc., Avalon Film Services, Inc., Avalon Hollywood Services, Inc., AX
8   Centurion Film, Inc., AX Global, Inc., Axi Cash, Inc., AXICO, Inc., Axium ATB, Inc., Axium
9   Bond Corp., Axium Cinema, Inc., Axium Entertainment, Inc., Axium Film Corp., Axium
10  Holdings, Inc., Axium Hollywood Services, Inc., Axium Payroll Group, Inc., Axium Payroll
11  Services, Inc., Axium SC, LLC, Axium Visual Corp., Axium Worldwide, Inc., Centurion
12  Cinema, Inc., ECG Minn RE, LLC, Global Enterprises, Inc., Global Music, Inc., Global
13  Worksource, Inc., PAV Film Services, Inc., Talent VMS, Inc., and PAX Film Services, Inc.
14  (collectively, the "Axium Group Debtors") and the separately substantively consolidated
15  estates of the debtors (ii) Diversity MSP, Inc. dba ECG dba Ensemble Chimes Global,
16  Diversity Internal, Inc., Ensemble Chimes Servicing, Inc., and Ensemble Chimes Global
17  Puerto Rico, Ltd. (collectively, the "ECG Group Debtors"), as jointly administered herein,
18  hereby alleges and avers as follows:

**STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS**

20  1.   This Court has jurisdiction over this proceeding pursuant to 28
21  U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. §
22  157(b)(2)(A). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a)
23  and because this is a civil proceeding arising in and/or related to the Debtors' jointly
24  administered and separately substantively consolidated chapter 7 cases, styled <u>In re</u>
25  <u>Axium International Inc., et al.</u>, bearing Bankruptcy Case No. LA 08-10277-BB, currently
26  pending in the Los Angeles Division of the United States Bankruptcy Court for the Central
27  District of California.

2

2.    On January 8, 2008 and January 9, 2008 (collectively, the "Petition Date"), the Axium Group Debtors and the ECG Group Debtors (together, the Axium Group Debtors and ECG Group Debtors are referred to as the "Debtors") filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

3.    On or about January 10, 2008, the Office of the United States Trustee appointed Plaintiff as Chapter 7 Trustee for the estates of the Debtors, and Plaintiff continues to serve and act in that capacity.

4.    On January 18, 2008, the Bankruptcy Court entered an order providing, among other things, that the Axium Group Debtors' and the ECG Group Debtors' chapter 7 cases be jointly administered by the Trustee.

## PARTIES

5.    Plaintiff brings this action solely in his capacity as Trustee for the benefit of the estates and their creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the petition was filed.

6.    Plaintiff was appointed after the filing of the Debtor's chapter 7 cases. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

7.    Defendant Jaypar, Inc. (the "Defendant") is a corporation incorporated under the laws of the State of Maryland, is authorized to and is doing business in the State of California. At all relevant times, Defendant was an entity for

3

whose benefit certain of the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff is informed and believes and, on that basis alleges thereon, that the Debtors made transfers of property to the Defendant on or within ninety (90) days prior to the Petition Date, that is, between October 10, 2007 and January 8, 2008, in the form of payments to the Defendant, including, but not limited to, the specific transfers reflected on **Exhibit "A"** hereto, which is incorporated herein by this reference (the "Pre-Petition Transfers").

### FIRST CLAIM FOR RELIEF

**(Avoidance Of Preferential Transfers Pursuant To 11 U.S.C. § 547(b))**

9. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 8 as though set forth in full.

10. Plaintiff is informed and believes and, on that basis alleges thereon, that the Pre-Petition Transfers were made to the Defendant for the benefit of the Defendant, who was a creditor of the Debtors at the time of the respective transfers as the term "creditor" is defined by 11 U.S.C. § 101(10).

11. Plaintiff is informed and believes and, on that basis alleges thereon, that the Pre-Petition Transfers were transfers of interests of the Debtors in property.

12. Plaintiff is informed and believes and, on that basis alleges thereon, that the Pre-Petition Transfers were made for or on account of an antecedent debt owed by the Debtors to the Defendant before the Pre-Petition Transfers were made.

13. Plaintiff is informed and believes and, on that basis alleges thereon, that the Pre-Petition Transfers were made while the Debtors were insolvent.

14. Plaintiff is informed and believes and, on that basis alleges thereon, that the Pre-Petition Transfers enabled the Defendant to receive more than the Defendant would have received if (a) the Debtors' bankruptcy cases were cases under chapter 7 of title 11 of the United States Code; (b) the respective transfers had not been

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

made; and (c) the Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

15.   Interest on the Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made.

16.   Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Pre-Petition Transfers are avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

### (For Recovery Of Property Pursuant To 11 U.S.C. § 550)

17.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 as though set forth in full.

18.   Plaintiff is informed and believes and, on the basis alleges thereon, that Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 U.S.C. § 547(b). As the Defendant is the initial transferee of the Pre-Petition Transfers, or the individual or entity for whose benefit the Pre-Petition Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Pre-Petition Transfers, or any of them, Plaintiff is entitled to recover for the estates the proceeds or value of the Pre-Petition Transfers under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

### (For Preservation Of Avoided Transfer Pursuant To 11 U.S.C. § 551)

19.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 as though set forth in full.

20.   Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the Pre-Petition Transfers, for the benefit of the estates.

## FOURTH CLAIM FOR RELIEF

### (For Disallowance Of Claim Pursuant To 11 U.S.C. § 502(d))

21.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 as though set forth in full.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

22. Plaintiff is informed and believes and, on the basis alleges thereon, that the Defendant may assert a claim against the Debtors' estates.

23. Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by the Defendant be disallowed for the failure to repay the Pre-Petition Transfers.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the Pre-Petition Transfers are avoidable as preferential transfers under 11 U.S.C. § 547(b).

### ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the estates are entitled to recover the Pre-Petition Transfers or the value thereof under 11 U.S.C. § 550.

### ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the estates are entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Pre-Petition Transfers, for the benefit of the estates.

### ON THE FOURTH CLAIM FOR RELIEF

4. For a judgment disallowing any claims of the Defendant against the Debtors' estates pursuant to 11 U.S.C. § 502.

### ON ALL CLAIMS FOR RELIEF

5. For interest as permitted by law from the date of the transfers;

6. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

| | | |
|---|---|---|
| 1 | 7. | For such other and further relief as the Court deems just and proper. |
| 2 | DATED: December 11, 2009 | **Sulmeyer**Kupetz<br>A Professional Corporation |

By: _____
Daniel A. Lev
Attorneys for Plaintiff, Howard M. Ehrenberg
Chapter 7 Trustee

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# EXHIBIT "A"

| Payment Details | | Bank Statement Details | |
|---|---|---|---|
| Ref Num | Issue Date | Clear Date | Amount |
| 019866 | 12/21/07 | 12/27/07 | 6,669.60 |
| 019793 | 12/20/07 | 12/27/07 | 62,963.21 |
| 019751 | 12/19/07 | 12/27/07 | 45,289.76 |
| 019462 | 12/10/07 | 12/14/07 | 18,857.50 |
| 018691 | 11/16/07 | 11/21/07 | 215,571.00 |
| 018447 | 11/13/07 | 11/21/07 | 28,711.04 |
| 018291 | 11/07/07 | 11/21/07 | 11,790.90 |
| 017732 | 10/24/07 | 10/30/07 | 139,902.80 |
| 017490 | 10/18/07 | 10/24/07 | 22,904.91 |
| 017227 | 10/15/07 | 10/19/07 | 75,500.47 |
| | | Total | $628,161.19 |

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Daniel A. Lev (CA Bar No. 129622)<br>Steven F. Werth (CA Bar No. 205434)<br>**Sulmeyer**Kupetz, APC<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520<br>*Attorney for Plaintiff* HOWARD M. EHRENBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Axium International, Inc.<br><br>Debtor. | CHAPTER 7<br>CASE NUMBER 2:08-bk-10277-BB<br><br>ADVERSARY NUMBER |
|---|---|
| HOWARD M. EHRENBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc.,<br>Plaintiff(s),<br><br>vs.<br>JAYPAR, INC., a Maryland corporation,<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by February 18, 2010 _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** April 8, 2010 | **Time:** 11:00 a.m | **Courtroom:** 1475 | **Floor:** 14 |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>HOWARD M. EHRENBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc. | **DEFENDANTS**<br>JAYPAR, INC., a Maryland corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Daniel A. Lev (CA Bar No. 129622<br>Steven F. Werth (CA Bar No. 205434)<br>**Sulmeyer**Kupetz, APC<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, (2) PRESERVATION OF PREFERENTIAL TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 628,161.19 |
| Other Relief Sought | |

ASOKOLOWSKI\ 604892.1 12/11/2009 (4:29 PM)

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>AXIUM INTERNATIONAL, INC. | BANKRUPTCY CASE NO.<br>2:08-bk-10277-BB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>December 11, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Daniel A. Lev (CA Bar No. 129622)<br>Steven F. Werth (CA Bar No. 205434)<br>**Sulmeyer**Kupetz, APC ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.