Scott C. Clarkson, Esq. (SBN. 143271)
Eve A. Marsella, Esq. (SBN. 165797)
Christine M. Fitzgerald, Esq. (SBN. 259014)
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254
Email: sclarkson@lawcgm.com

and

Vincent M. Guida, Jr. (pro hac vice to be filed)
Robert R. Bowie, Jr. (pro hac vice to be filed)
Bowie & Jensen, LLC
29 W. Susquehanna Avenue, Suite 600
Towson, Maryland 21204
Telephone: 410/583-2400
Email: guida@bowie-jensen.com

Counsel for Defendant Jaypar, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AXIUM INTERNATIONAL, INC.,<br><br>Debtor. | Case No. 2:08-bk-10277BB<br><br>Jointly Administered with Case No: 2:09-bk-10376-BB and Substantially Consolidated<br><br>Jointly Administered with Case No: 2:09-bk-10377-BB and Substantially Consolidated |
| In re:<br><br>DIVERSITY MSP, INC.,<br><br>Debtor. | Chapter 7<br><br>Adv. No. 2:09-ap-03290<br><br>RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES FILED BY DEFENDANT JAYPAR, INC. |
| HOWARD M. EHERNBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>JAYPAR, INC., a Maryland corporation,<br><br>Defendant. | Status Conference Hearing<br><br>DATE:  April 8, 2010<br>TIME:  11:00 a.m.<br>PLACE:  Courtroom 1475 |

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

In response to the complaint filed by Howard M. Ehernberg, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc., as Plaintiff ("Plaintiff"), against Defendant Jaypar, Inc., ("Defendant" or "Jaypar"), Defendant admits, denies, and alleges as follows:

1. Jaypar admits the allegations contained in paragraph 1 of the Complaint.

2. Jaypar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. Jaypar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4. Jaypar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5. Jaypar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6. Jaypar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7. Jaypar admits only that it is incorporated under the laws of the State of Maryland, and that it has done business in the State of California. Jaypar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Jaypar denies the allegations contained in paragraph 8 of the Complaint.

9. Jaypar incorporates by reference as if fully stated herein its responses to paragraphs 1 through 8.

10. Jaypar denies the allegations contained in paragraph 10 of the Complaint.

11. Jaypar denies the allegations contained in paragraph 11 of the Complaint.

12. Jaypar denies the allegations contained in paragraph 12 of the Complaint.

13. Jaypar denies the allegations contained in paragraph 13 of the Complaint.

14. Jaypar denies the allegations contained in paragraph 14 of the Complaint.

15. Jaypar denies the allegations contained in paragraph 15 of the Complaint.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

16. Paragraph 16 of the Complaint states legal conclusions which do not require a response from Jaypar. To the extent that a response is necessary, Jaypar denies the allegations contained in paragraph 16 of the Complaint.

17. Jaypar incorporates by reference as if fully stated herein its responses to paragraphs 1 through 16.

18. Paragraph 18 of the Complaint states legal conclusions which do not require a response from Jaypar. To the extent that a response is necessary, Jaypar denies the allegations contained in paragraph 18 of the Complaint.

19. Jaypar incorporates by reference as if fully stated herein its responses to paragraphs 1 through 16.

20. Paragraph 20 of the Complaint states legal conclusions which do not require a response from Jaypar. To the extent that a response is necessary, Jaypar denies the allegations contained in paragraph 20 of the Complaint.

21. Jaypar incorporates by reference as if fully stated herein its responses to paragraphs 1 through 16.

22. Jaypar denies the allegations contained in paragraph 22 of the Complaint.

23. Jaypar denies the allegations contained in paragraph 23 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

24. The Complaint fails to state facts sufficient to state a cause of action against the responding Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Barred by Statutes of Limitations)

25. The Claims for Relief, and each of them, are barred by all applicable statutes of limitations, both federal and state.

### THIRD AFFIRMATIVE DEFENSE
(Safe Harbor/Good Faith Exceptions)

26. The Claims for Relief, and all of them, are barred by all Safe Harbor/Good Faith

1 | Exceptions available under applicable statutes, both federal and state.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

27. The Claims for Relief, and all of them, are barred by the Plaintiff's lack of standing under applicable statutes, both federal and state.

## FIFTH AFFIRMATIVE DEFENSE

(Ordinary Course of Business)

28. To the extent that the alleged transfers were made for debts incurred and paid by the Debtors in the ordinary course of business or financial affairs between the Debtors and Jaypar and (i) made in the ordinary course of business or financial affairs of the Debtors and Jaypar or (ii) made according to ordinary business terms, under 11 U.S.C. § 547(c)(2) the alleged transfers are not recoverable by the Plaintiff as an avoidable preference.

## SIXTH AFFIRMATIVE DEFENSE

(Solvency of Debtors)

29. The Debtors were solvent at the time of the alleged transfer.

## SEVENTH AFFIRMATIVE DEFENSE

(New Value Extended)

30. To the extent that Jaypar gave new value to or for Debtors' benefit not secured by an otherwise unavoidable security interest pursuant to section 11 U.S.C. § 547(c)(4), the new value that Jaypar gave Debtors is sufficient to diminish and/or eliminate any recovery to which the Plaintiff alleges it is entitled in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Contemporaneous Exchange for New Value)

31. To the extent that the alleged transfers were intended by Debtors and Jaypar to be a contemporaneous exchange for new value given to Debtors and, in fact, were substantially contemporaneous exchanges, under 11 U.S.C. § 547(c)(1) the alleged transfers or portions thereof, are not recoverable by the Plaintiff as an avoidable preference.

///

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES

## NINTH AFFIRMATIVE DEFENSE

(Funds Were Earmarked and Are Not Part of the Debtor's Estate)

32. The alleged transfers are funds advanced by a third party to Debtor subject to an agreement requiring the Debtor to use the funds to pay Jaypar, Inc. Therefore, these funds are not part of the Debtor's estate and are not recoverable as an avoidable preference.

## TENTH AFFIRMATIVE DEFENSE

(Reservation to Assert Additional Defenses)

33. Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, the Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by its Complaint;
2. For reasonable attorney's fees;
3. For costs of suit incurred herein; and
4. For such other relief as the court deems just and proper.

DATED: February 16, 2010

CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION

By: /s/ Scott C. Clarkson
SCOTT C. CLARKSON
EVE A. MARSELLA
Attorneys for Defendant Jaypar, Inc.

-and-

Robert R. Bowie, Jr.
Vincent M. Guida, Jr.
Bowie & Jensen, LLC
29 W. Susquehanna Ave., Suite 600
Towson, Maryland 21204
(410) 583-2400
bowie@bowie-jensen.com
guida@bowie-jensen.com
(co-counsel – pro hac vice to be filed)

Attorneys for Defendant Jaypar, Inc.

RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES

| In re:<br>AXIUM INTERNATIONAL, INC.,<br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:08-bk-10277-BB<br>ADV. NUMBER: 2:09-ap-03290-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3424 Carson St., Suite 350, Torrance, CA 90503

A true and correct copy of the foregoing document described _____ RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES FILED BY DEFENDANT JAYPAR, INC. _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Attorney for the Plaintiff**
Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

**Plaintiff and Chapter 7 Trustee**
Howard M Ehrenberg    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com

**U.S. Trustee**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL ~~OR OVERNIGHT MAIL~~**(indicate method for each person or entity served):
On __February 16, 2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
    See attached service list

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 16, 2010 | Michelle A. Carpenter | _/s/ mac_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| In re:<br>AXIUM INTERNATIONAL, INC.,<br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:08-bk-10277-BB<br>ADV. NUMBER: 2:09-ap-03290-BB |
|---|---|

**SERVED BY U.S. MAIL**

**Attorneys for the Defendant Jaypar, Inc**
Vincent M. Guida, Jr., Esq.
Bowie & Jensen, LLC
29 W. Susquehanna Ave., Suite 600
Towson, MD 21204

**Judge**
Honorable Sheri Bluebond
255 East Temple Street, Suite 1482
Los Angeles, CA 90012